**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RONALD LUBER | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.  RDB-07-730 |
| ATTMAN PROPERTIES, et al. | : | |
| Defendants | : | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM OPINION**

On March 22, 2007, Ronald Luber  filed the above referenced *pro se* complaint raising claims of  "negligent misrepresentation tort to induce contract' and "breach of contract by failing to provide a building suitable to be used as a commercial vehicle repair center."  For the reasons that follow, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.  In this matter, Plaintiff fails to present any federally cognizable claims.  The claims raised here are based on state or common law, not federal law.

To the extent Luber intends to bring this action based on diversity of citizenship of the parties, he has the burden of proving that complete diversity of citizenship exists between the parties. *See* 28 U.S.C. §1332; *see also Roche v. Lincoln Property Co.*, 373 F3d 610, 616 (4th Cir. 2004) (citing *Mas v. Perry*, 489 F. 2d 1396 (5th Cir. 1974). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 & nn. 13-16 (1978). If the burden is not met, the Court must dismiss the action. *See Kenrose Manufacturing Co. v. Fred Whitaker, Co.*,

512 F. 2d  890 (4th Cir. 1972) *see also* Fed R. Civ. P. 12 (h)(3).  In this case, defendant Attman Properties, is identified as a Maryland Corporation, and defendants Gary Attman and John Porter, are listed as Maryland residents, thereby defeating the complete diversity requirement.

Absent a cognizable federal claim or diversity of the parties,  the  Court shall dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12 (h)(3).[1]   An Order consistent with this Memorandum Opinion follows.


April 9, 2007                                           /s/
Date                                                         RICHARD D. BENNETT
                                                             UNITED STATES DISTRICT JUDGE

---

[1] To the extent Luber might have any claims under state law, this Court will dismiss the Complaint without prejudice to refiling in the appropriate state forum.